IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| NATIONAL EDUCATION ASSOCIATION, INC., | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Amicus Curiae, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2: 70CV3101-WHA |
| | ) |
| COOSA COUNTY BOARD OF EDUCATION, et al., | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**
**I. Facts and Procedural History**

This case began as part of a state-wide class action filed in 1963 alleging that the State had a mandatory, segregated school system in violation of the Fourteenth Amendment.  The Coosa County Board of Education ("the Board") was added as a defendant in the case and the court subsequently ordered the Board to implement a desegregation plan.

On September 10, 1999, this court approved a Consent Decree agreed to by the parties which provided that the Board had achieved unitary status in the area of transportation.  The court retained jurisdiction in the areas of faculty assignment and hiring, student assignment, intra-district

transfers, in-class assignment, special education,[1] graduation rates, discipline, extracurricular activities, and facilities and equipment.

The Board was required to file a comprehensive report with the court each year for three years, and the Plaintiff parties had the opportunity to advise the school system of any concerns they had about compliance with the terms of the Consent Decree. The Board has filed five annual reports. In its Order approving the Consent Decree, the court noted the parties were in agreement that if the terms of the agreement were carried out in good faith, the school system should be ready for a declaration of unitary status and a complete return to local control within three years.

The Coosa County School System operates three schools, an elementary school, a middle school, and a high school. The system formerly had multiple elementary and middle schools, but the schools were consolidated as part of the Board's compliance with the Consent Decree.

On May 5, 2005, the Coosa County Board of Education filed a Motion to Dismiss and For Declaration of Unitary Status (Doc. #109) seeking a declaration of full unitary status and a dismissal of the case. The court set the Motion to Dismiss for a fairness hearing and required the Board to give all plaintiff class members appropriate notice of the motion as well as procedures for making objections. The Board published notice of the proposed termination of this litigation and the date of the fairness hearing in the local newspaper. The notice provided procedures for class members and interested persons to file objections with the court regarding the proposed dismissal. Forms for objections were made available at the schools and notice was provided to

---

[1] The statewide issues involving special education were resolved by a consent decree, which was adopted and approved in this case. According to the terms of the statewide decree, any claims in the area of special education are to be raised with the State defendants. Therefore, claims concerning a local school system do not affect a declaration of unitary status, since the matter must be addressed with State defendants as part of the commitments made under the statewide decree.

the parent or guardian of each student enrolled in the school district. On the basis of record evidence, the court finds that the Board complied with the order of the court and that notice of the fairness hearing was properly given.

The court received written comments from interested citizens which were reviewed prior to the fairness hearing. On June 22, 2006 , the court held a fairness hearing. During the fairness hearing, the court heard evidence presented by the Board through its Superintendent and heard from a member of the school board who was opposed to the declaration of unitary status. During the fairness hearing, the superintendent submitted a proposed resolution to the court to be voted on by the Board, to demonstrate its future commitment to the Constitution and laws that were the predicate for judicial intervention. Although the parties were in agreement that the system was due to be declared unitary, the court postponed ruling on the motion until the Board had had an opportunity to vote on the resolution.

After having been advised by the Board's attorney that the Board failed to approve the resolution, the court set the case for a hearing during which time the Board members would be questioned about their intent to continue to operate the school system in accordance with the Constitution and laws of the United States.

A hearing was held on August 24, 2006. During the hearing, the superintendent and each of the members of the Coosa County Board of Education gave the court assurance, under oath, of his commitment to the continued operation of the school system in accordance with the Constitution and laws of the United States, including their personal commitment to policies which have been implemented pursuant to the Consent Decree.

## II. Legal Standard

The purpose of a desegregation case is to convert a school system which violates the Constitution because it is a *de jure* segregated school system to a system which has schools which are not racially segregated. See Green v. Co. School Bd. of New Kent, 391 U.S. 430, 442 (1968). "[T]he court's end purpose must be to remedy the violation and, in addition, to restore state and local authorities to the control of a school system that is operating in compliance with the Constitution." Freeman v. Pitts, 503 U.S. 467, 489 (1992). If a school system is successful in this effort, it can be declared "unitary," and control returned to the local school board. Id. at 486-87.

The three requirements for dismissal of the case, as set out in the Consent Decree, are that (1) the Board has fully complied with the court's decrees for a reasonable period of time, (2) the vestiges of past discrimination have been eliminated to the extent practicable, and (3) the Board has demonstrated a good-faith commitment to the court's decrees and to the Constitution and laws that were the predicate for judicial intervention. See Missouri v. Jenkins, 515 U.S. 70, 87-89 (1955). The good-faith component requires that a school district must show not only past good-faith compliance, but a good-faith commitment to the future operation of the school system, which can be shown through specific policies, decisions, and courses of action that extend into the future." Lee v. Phenix City Bd. of Educ. 3:70cv854-T , 2005 WL 2850392 *6 (M.D. Ala. Oct. 27, 2005) (citing Dowell v. Bd. of Educ. of the Oklahoma City Public Schools, 8 F.3d 1501, 1513 (10th Cir.1993)).

The burden of proving that the school system has achieved unitary status is placed on the Board. See Lee v. Etowah Co. Bd. of Educ., 963 F.2d 1416, 1424 (11th Cir. 1992). In addition to its responsibilities under the United States Constitution, the Board was required to comply with the requirements of the Consent Decree which set forth the steps the Board had to take to achieve unitary status.

### III. Discussion

The Board has sought unitary status in the areas remaining under the Consent Decree. The Board has outlined its compliance with the Consent Decree in the remaining areas through the annual reports it has filed. At the hearing conducted on June 22, 2006, the Superintendent also presented evidence pertinent to those remaining areas. The superintendent testified to the recruitment plan for minority faculty, that he had consulted the Southeastern Equity Center, and that he or other Board representatives attended job fairs at traditionally black colleges and universities. With regard to student assignment, the superintendent described the efforts to get students to pursue advanced diplomas through parent teacher conferences and outlined specific course offerings for students, such as algaebraic connections which are designed to assist students. With regard to graduation rates, the superintendent outlined policies such as placing children in a transition program to move them to the high school level, conducting parent workshops, and checking attendance. With regard to discipline, the superintendent outlined efforts to monitor discipline referrals and a grant which the school system had received to train faculty on mental health issues. The system also has complied with the terms of the Consent Decree by notifying all eligible students about extracurricular activities and encouraging their participation. The Superintendent also outlined the difficult process involved in consolidating schools, and building and renovating schools.

As stated above, the court was satisfied, based on the evidence presented and the parties agreement that the system was due to be declared unitary, that the Board has fully complied with the court's decrees for a reasonable period of time, the vestiges of past discrimination have been eliminated to the extent practicable, and the Board has demonstrated a good-faith commitment to the court's decrees and to the Constitution and laws that were the predicate for judicial

intervention. Based upon the evidence received at the August 24, 2006 hearing as to the Superintendent and board members' intent to continue the school system in compliance with the Constitution and laws of the United States; the evidence of specific policies, decisions, and courses of action that extend into the future; and the parties' agreement, the court concludes that the Board has had and continues to have a good faith commitment to the court's decrees and to the Constitution and laws that were the predicate for judicial intervention

## IV.  Conclusion

On the basis of the record evidence, witness testimony, and averments of counsel, the court finds that the school district defendants have met the standards entitling the district to a declaration of unitary status in the areas of faculty assignment and hiring, student assignment, intra-district transfers, in-class assignment, graduation rates, discipline, extracurricular activities, and facilities and equipment.  The Board has fully and satisfactorily complied with the orders of this court with regard to these areas.  The vestiges of the prior *de jure* segregated school system have been eliminated to the extent practicable.  The court also finds that the Board has demonstrated a good faith commitment to the whole of the court's decrees and to those provisions of the law and the Constitution that were the predicate for judicial intervention in this school system in the first instance, through the Board's compliance with the court's orders over the years, through its good faith implementation of its contractual obligations under the Consent Decree, and through its policies, decisions, and courses of action that extend into the future.

The plaintiff parties have succeeded in the task they began decades ago to seek the end of the *de jure* system of school desegregation in the Coosa County school system.  By this lawsuit, they sought to bring the district in compliance with the constitutional requirement of equal

protection under the law, and the court states today that they have succeeded.  See NAACP, Jacksonville Branch v. Duval County Schools, 273 F.3d 960, 976 (11th Cir. 2001).

"[L]ocal autonomy of school districts is a vital national tradition." Dayton Bd. of Education v. Brinkman, 433 U.S. 406, 410 (1977).  Where control lies, however, so too does responsibility. Freeman, 503 U.S. at 490.  Although this court is confident that the Board will live up to its public commitment to continue the operation of its school system in compliance with the Constitution, now that control over the schools can be returned to the Board, in the future the Board, of course, "can be held accountable to the citizenry, to the political process, and to the courts in the ordinary course." Id.

Control over the Coosa County school system is properly returned to the Coosa County Board of Education.  Accordingly, it is hereby ORDERED as follows:

1.  The Board's Motion to Dismiss (Doc. #109) is hereby GRANTED.

2.  All outstanding orders and injunctions are hereby DISSOLVED.

3.  Court supervision of the Coosa County Board of Education and the Coosa County School System is ended.

A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.


DONE this 24th day of August, 2006.


     /s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE